UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS ORTIZ, an individual,

       Plaintiff,

v.                                  Case No:  2:14-cv-735-FtM-29CM

LITTLE SUN CORP.,

       Defendant.

_____

## REPORT AND RECOMMENDATION[1]

    Before the Court is the parties' Joint Motion for Approval of Settlement (Doc. 26), filed on February 17, 2015, which attached the Settlement Agreement for the Court's review (Doc. 13-1).   For the reasons set forth herein, the Court recommends that the settlement be approved.

    To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.   *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).   There are two ways for a claim under the FLSA to be settled or compromised.   *Id.* at 1352-53.   The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353.   The second is under 29 U.S.C. §216(b), when an action is brought by employees against their employer to recover back wages.   *Id.*   When the employees

_____

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

file suit, the proposed settlement must be presented to the district court for review

and determination that the settlement is fair and reasonable.   *Id.* at 1353-54.

The Eleventh Circuit has found settlements permissible when the lawsuit is

brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.   The
> employees are likely to be represented by an attorney who can
> protect their rights under the statute.   Thus, when the parties
> submit a settlement to the court for approval, the settlement is
> more likely to reflect a reasonable compromise of disputed issues
> than a mere waiver of statutory rights brought about by an
> employer's overreaching.   If a settlement in an employee FLSA
> suit does reflect a reasonable compromise over issues, such as
> FLSA coverage or computation of back wages, that are actually
> in dispute; we allow the district court to approve the settlement
> in order to promote the policy of encouraging settlement of
> litigation.

*Id.* at 1354.   Pursuant to *Bonetti v. Embarq Management Company*:

> [T]he best way to insure that no conflict [of interest between an
> attorney's economic interests and those of his client] has tainted the
> settlement is for the parties to reach agreement as to the plaintiff's
> recovery before the fees of the plaintiff's counsel are considered.   If
> these matters are addressed independently and seriatim, there is no
> reason to assume that the lawyer's fee has influenced the
> reasonableness of the plaintiff's settlement.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

Plaintiff Carlos Ortiz brought this claim for failure to pay minimum and

overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201

*et seq.*, seeking recovery of unpaid overtime and minimum wage[2] compensation and

---

[2] Plaintiff claims that he was not paid for the hours he worked during his final three
weeks of employment, totaling $934.80.   Doc. 13 at ¶ 3.

for liquidated damages, and reasonable attorney's fees and costs arising out of his employment for Defendant as a delivery driver.   Doc. 1.

Defendant has agreed to pay Plaintiff the exact amount of overtime wages claimed, plus liquidated damages, in the amount of $5,600.00.   Doc. 13 at ¶ 3; Doc. 13-1 at ¶ 1.   Defendant also has agreed to pay $4,400.00 for Plaintiff's attorney's fees and costs, which the parties represent were negotiated separately so as not to affect Plaintiff's recovery.   Doc. 13 at 3, 5.   The parties state that Plaintiff's claim was compromised only to the extent that he agreed to not pursue his claim for minimum wages in the amount of $934.80, plus possible liquidated damages.   Doc. 13 at ¶ 3. He states that he did so due to the uncertainties of litigation.   *Id.*

Although Defendant has agreed to pay Plaintiff the exact amount claimed in overtime compensation, plus an equal amount in liquidated damages, the settlement requires judicial review.   "If the parties' proposed resolution requires the employee to compromise an FLSA right, the district court must scrutinize the compromise for 'fairness.'"   *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350 (M.D. Fla. 2010). Here, Plaintiff has given up his right to an amount of compensation for minimum wages he alleges are due and owing under the FLSA, and thus has not been compensated in full.   *See* 29 U.S.C. § 206.

Under the terms of the Settlement Agreement, Plaintiff will receive the full amount of his actual overtime damages claim, plus liquidated damages. Accordingly, the Court recommends that the amount is fair and reasonable.   With regard to Plaintiff's waiver of his right to minimum wage damages, the Court finds

that this was fair and reasonable.   Plaintiff states that Defendant disputes Plaintiff's entitlement to minimum wages and recognizing the uncertainties of litigation, the parties have agreed to settle their dispute for the negotiated sum, which excludes Plaintiff's claim for minimum wages.   Doc. 13 at ¶ 3.   The parties state that they had extensive discussions regarding each parties' potential exposure and the possible outcome of litigation, resulting in a settlement.

With regard to attorney's fees, the Court must consider the reasonableness of any award of attorney's fees, but is not required to conduct an in-depth analysis of the award unless it is unreasonable on its face.   *Bodnar v. Gourmet Hut, Inc.*, No. 3:13-cv-709-J-34JRK, 2014 WL 757981, at *3 n.4 (M.D. Fla. Feb. 26, 2014) (order adopting report and recommendation).   The fee in this case appears to be reasonable, and was negotiated separately.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

The parties' Joint Motion for Approval of Settlement (Doc. 26) be **GRANTED,** and the settlement be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

**DONE** and **ENTERED** in Fort Myers, Florida on this 26th day of February, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Honorable John E. Steele
Counsel of record